Smith, J.
Hughes brought an action in the superior court against Lehan, to recover the possession of certain real estate, and damages for its unlawful detention. The answer of Lehan denied all the material allegations of the petition, and set up two special defenses. 1st: That he was the owner of the premises by virtue of a purchase of the same at a tax sale, and of a deed made in pursuance thereof by the auditor of Hamilton county to the grantor of defendant, and, 2nd: That after said purchase and deed he had prosecuted in the said superior court an action against Hughes to recover the possession of said premises, and had obtained a judgment of the court in his favor, which was still in force. The plaintiff, by his reply, denied the new matter of the answer.
At the trial of the case it was admitted, that at the time of his death, in 1859, one Thomas Hughes owned the premises in controversy, in fee-simple, and that, by his last will and testament, which was duly admitted to probate, in this county, he devised the same to the plaintiff. And proof having further been offered as to damages, the plaintiff rested.
The defendant then offered in evidence what purported to be a tax deed from the auditor of Hamilton county to the defendant (or his grantor), for some real estate in said county, but the description thereof was wholly different from that of the premises described in the petition.
The plaintiff objected to its introduction in evidence. No proof was offered as to the execution of the paper, or tending to show that the land described therein was the same described in the petition. ' The court overruled the objection, and admitted the paper in evidence, to which plaintiff excepted.
The defendant, also, according to the statement of the bill of exceptions, offered in evidence “ a copy of the record of the *10 superior court in a certain case (naming it), a copy of which is attached to the bill, marked,” etc. The plaintiff also objected to the reception of this evidence, but the court admitted it, and exception was taken. The papers alluded to as made part of the bill of exceptions, seem to be the original, or a copy of the petition filed in the superior court, by Lehan against Hughes — a summons issued thereon, and what appears to be an entry of the court of common pleas of this county, showing a judgment by default against Hughes for the recovery of the property described in the petition. There was no certificate attached to it, by the clerk or other person, showing that it was a transcript of the record of a case, in either court, or that the papers were the original files, nor was there any proof offered tending to show that such was the case. The defendant having offered other testimony, not necessary to be mentioned, rested, and the evidence being closed, he then moved the court to direct the jury to return a verdict for the defendant, which the court did, and a judgment was entered on the verdict rendered in pursuance of such instruction, to which action of the court the plaintiff excepted and prosecutes this petition in error to reverse the judgment, and assigns for error the above named rulings of the court.
Held: 1. That what purported to be the original deed of the auditor, did not prove itself, and was not admissible in evidence without proof as to its execution. And not appearing to convey any part of the premises in controversy, it should not have been received without evidence tending to show that it had some connection with the land in question. Nor was the alleged record, offered in evidence, admissible, there being no proof tending to show that it was a copy of a record, or that the papers themselves were the original files of the case, or that what purported to be a journal entry of the court, was such.
2. Prior to the passage of the act of April 12, 1858 (2 S. & C., 1158), the supreme court, in Byrd v. Blessing, 11 O. S., 364, held: That under the provisions of the code, as it then stood, it was error in the court, after evidence had been given to the jury by the plaintiff, tending to maintain the issue on his part, *11 to enter a judgment of non suit and discharge the jury from a finding in the case.
J. W. Fitzgerald & Son, for plaintiff in error.
W. A. Goodman, for defendant in error.
But under the law, of 1858, and under sec. 5301, which is a substantial re-enactment of sec. 4 of that act, the court held, in Stockstill v. D. & M. R. R. Co., 24 O. S., 83, and in Dick v. Railroad Co., 38 O. S., 389, that “ the court is authorized, in a proper case, to arrest the testimony from the jury, and render judgment for the defendant. * ' * * But if the evidence tends to prove all the facts which it is incumbent on the plaintiff to establish, in order to maintain his action, he has a right to have the weight and sufficiency of the evidence passed upon by the jury.”
Sec. 5301 allows a bill of exceptions to be taken, “to the opinion of the court on a motion to direct a non suit, or to arrest the testimony from the jury.” But in our opinion this section does not authorize a court in a case, when the plaintiff by his evidence shows a prima facie right to recover, but in which the defendant afterwards introduces evidence, which in the judgment of the trial'court, meets and disproves the •case made by the plaintiff, or shows some other substantive defense, to direct the jury to find for the defendant. This is not a ruling “ on a motion for a non suit, or to arrest the testimony” (of the plaintiff doubtless), “from the jury,” and is not therefore authorized, expressly or by implication, by this section.
We think the law on this point is the same now that it was in 1850, when the case of Newman v. The City of Cincinnati was decided (18 Ohio, 323). In that case, in which, as far as this question is concerned, the facts were almost indentical with those of the case at bar, the court held: “ That it is error to charge the jury, in general terms, that the plaintiff has no cause of action, and that they must find for the defendant; especially where evidence has been exhibited by both parties; and for such error the judgment must be reversed, although the reviewing court may be satisfied upon the facts exhibited, that the defendant, in fact, was entitled to a verdict.”
For these reasons, we are of the opinion the judgment should be reversed, and the cause remanded for a new trial'.